IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, ) </br> ) </br>    Petitioner, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br>    Respondent. ) | Case No. 3:19cv506-MHT-CSC </br> (WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Before the Court is Johnny Hughley's "Nunc Pro Tunc Rule 60(b)(3)(6) Motion to Dismiss Case with Prejudice." Doc. 2. Hughley challenges the 57-month sentence imposed in December 1998 upon his conviction for possessing counterfeit currency, passing counterfeit currency, and possessing a firearm as a convicted felon. *See* Case Nos. 3:98cr43-MHT, 3:98cr97-MHT. For the reasons discussed below, the Court finds Hughley is entitled to no relief.

### II. DISCUSSION

In his self-styled Rule 60(b) motion, Hughley claims that, at his December 1998 sentencing, the district court improperly considered evidence underlying charges from a previous indictment that was dismissed without prejudice before he was tried and convicted under a second indictment. Doc. 2. According to Hughley, the district court's improper consideration of such evidence resulted in his receiving a sentence greater than he otherwise would have received. *Id*. at 3.

A.       *Gonzalez*, Rule 60(b) Motions, and Successive § 2255 Motions

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that where a motion designated as one under Rule 60(b) of the Federal Rules of Civil Procedure either (1) challenges a federal court's previous ruling on a habeas claim that "precluded a merits determination . . . —for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," or (2) actually attacks, "not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is a true Rule 60(b) motion, and the movant need not obtain the certification from the court of appeals otherwise required for a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532, 532 n.4.[1] In so holding, the Court in *Gonzalez* distinguished between motions pointing to an allegedly erroneous ruling by the federal habeas court that precluded a merits-based determination or asserting some defect in the integrity of the habeas proceedings, and motions seeking to raise or relitigate claims that attack a petitioner's conviction and sentence. *See id*. at 531–32. Only motions of the former sort are "true" Rule 60(b) motions; and motions of the latter sort are not.[2] *Id*.

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The court of appeals, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

[2] The Court in *Gonzalez* specifically addressed habeas proceedings attacking state-court convictions under 28 U.S.C. § 2254. The Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *El Amin v. United States*, No. 05-1276, 172 F. App'x 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 F. App'x 849 (11th Cir. Jul. 19, 2005).

Where a prior § 2255 motion attacking a conviction and sentence has been denied, a nominal Rule 60(b) motion attacking the same conviction and sentence is a successive § 2255 motion subject to AEDPA's procedural restrictions on successive motions. *Id*. at 531–32.

The Court's records reflect that on April 3, 2000, Hughley filed a § 2255 motion, his first, attacking his convictions and 57-month sentence. Case Nos. 3:98cr43-MHT, 3:98cr97-MHT. The Court denied Hughley's § 2255 motion on September 18, 2002. *See* Case No. 3:98cr97-MHT (Doc. 143). In the ensuing years, Hughley attacked his convictions and sentence at least four more times, each time through a pleading determined to be a successive § 2255 motion.[3]

In his present self-styled Rule 60(b) motion, Hughley argues that the district court, in December 1998, improperly considered certain evidence in imposing his 57-month sentence. Hughley is once again attacking his sentence and not the integrity of previous

---

[3] In August 2004, Hughley filed a self-styled "Request for a Nunc Pro Tunc Reconsideration and/or in the Alternative a Correction of Sentence," attacking his sentence. *United States v. Hughley*, Case Nos. 3:98cr43-MHT & 3:98cr97-MHT. Because that filing attacked the validity of Hughley's sentence, this Court characterized the filing as a § 2255 motion. And because Hughley had not received certification from the Eleventh Circuit authorizing this Court to consider a successive § 2255 motion, this Court summarily dismissed his § 2255 motion. *Id*. In January 2006, Hughley filed what he styled as a "Motion for New Trial Under Rule 60(b)(6)." *Hughley v. United States*, Case No. 3:06cv28-MHT. This Court dismissed that motion as another successive § 2255 motion filed without permission from the Eleventh Circuit. *Id*. In April 2009, Hughley again filed what he styled as a motion for relief under Rule 60(b)(6). *Hughley v. United States*, Case No. 3:09cv296-MHT. This Court again determined that Hughley's motion was another successive § 2255 motion filed without permission from the Eleventh Circuit. *Id*. In December 2009, Hughley once again filed a self-styled Rule 60(b)(6) motion that was determined to be yet another successive § 2255 motion. *Hughley v. United States*, Case No. 3:09cv1110-MHT.

habeas proceedings in this Court. Thus, Hughley's "Rule 60(b) motion" is a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532.

Hughley has not received certification from the Eleventh Circuit authorizing this Court to consider his successive § 2255 motion. Consequently, this Court lacks jurisdiction to consider his § 2255 motion, and his motion should be dismissed for this reason. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

**B.**     ***Maleng*'s "In Custody" Requirement**

This Court lacks jurisdiction to entertain Hughley's § 2255 motion for another reason as well. For a federal court to have jurisdiction to review a § 2255 motion, the movant must be "in custody" under sentence of the court. *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see* 28 U.S.C. § 2255(a). Hughley was sentenced to 57 months' imprisonment and three years' supervised release in December 1998. When he filed his instant motion, his sentence had long since expired, and he was no longer "in custody" for purposes of 28 U.S.C. § 2255(a). Consequently, this Court lacks jurisdiction to entertain Hughley's motion. *Maleng*, 490 U.S. at 490–91

**C.**     **Writ of Error Coram Nobis**

Hughley also argues that, even if he does not meet the "in custody" requirement for § 2255 relief, he is entitled to a writ of error coram nobis vacating his convictions and now-expired sentence. Doc. 6

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts authority to issue a writ of error coram nobis. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

"The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203. The bar for coram nobis is high and relief may issue only where (1) "there is and was no other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (internal quotation omitted). Furthermore, a district court may consider coram nobis petitions only where the petitioner presents sound reasons for failing to seek relief earlier. *United States v. Morgan*, 346 U.S. 502, 512 (1954). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgement, without fault of the defendant, which, if known would probably have prevented the judgment." *Id*. at 516.

In *Morgan*, the Supreme Court suggested three prerequisites to the granting of a writ of error coram nobis. First, the petitioner must have exercised diligence in bringing his claim. 346 U.S. at 511 ("Such an attitude may reflect the rule that deliberate failure to use a known remedy at the time of trial may be a bar to subsequent reliance on the defaulted

5

right."). Second, the writ is only available when other remedies and forms of relief are unavailable or inadequate. *Id*. at 512 ("[W]e think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of coram nobis must be heard by the federal trial court."). Third and finally, the writ is available only to correct errors "of the most fundamental character." *Id*.

Given these hurdles, the Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of error coram nobis] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996); *see also Casias v. United States*, 421 F.2d 1233, 1234 (10th Cir. 1970) (applying *Morgan* and quoting the Supreme Court: "continuation of litigation after final judgment and exhaustion or waiver of any statutory right to review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice").

Hughley falls well short of satisfying the standards for coram nobis relief. He makes no attempt to show he exercised diligence in asserting his claim over 20 years after he was sentenced, and he presents no sound reasons for failing to seek relief earlier. Moreover, he had clear avenues of relief—avenues untaken—to present his claim earlier: e.g., at his sentencing and in his initial § 2255 motion. And his claim that the district court improperly considered certain evidence in imposing his sentence is wholly unsupported, much less a claim "of the most fundamental character." *Morgan*, 346 U.S. at 512.

## III.  CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Hughley's self-styled Rule 60(b) motion, which constitutes a successive 28 U.S.C. § 2255 motion, be DISMISSED for lack of jurisdiction. To the extent Hughley petitions for a writ of error coram nobis, his petition should be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 14, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 28th day of February, 2022.

      /s/  Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE